UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH ST. DENNIS

CIVIL NO. 01-1853 (MJD/JMM)

Petitioner,

v.

REPORT AND RECOMMENDATION

CONSTANCE REESE, Warden,
Federal Medical Center,
Rochester, MN.

Respondent.

Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. 2241 [Docket No. 1] alleging that he is being unlawfully incarcerated at the Federal Medical Center in Rochester, Minnesota due to an error in the computation of his sentence. Petitioner has filed a Traverse [Docket No. 10] in support of his Petition. Respondent has filed a motion asking the Court to dismiss Petitioner's application because he has failed to exhaust his administrative remedies, and because the Bureau of Prisons correctly computed Petitioner's sentence [Docket No. 5]. Respondent's Motion to Dismiss is supported by various declarations and exhibits, as well as a Memorandum opposing the Petition [Docket Nos. 6, 7, 8 and 9]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation to District Judge Michael J. Davis pursuant to the provisions of 28 U.S.C. § 636 and Local Rule 72.1(c).

Upon the following Findings of Fact/Report, it is recommended that Respondent's Motion to Dismiss [Docket No. 5] be granted the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed.

FILED JAN 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

**Factual Background**

Petitioner is currently housed at the Federal Medical Center in Rochester, Minnesota, (herein "FMC"). Prior to arriving at FMC, Petitioner was incarcerated in a Montana State Prison serving out the remainder of a revoked suspended state sentence.[1] On May 30, 2000, while serving this sentence, Petitioner was released into federal custody pursuant to a writ of habeas corpus prosequendom, to face a federal criminal charge.[2] Petitioner was convicted on the federal charge in U.S. District Court for the District of Montana. On November 14, 2000, he was sentenced to a 21-month term of imprisonment to be served consecutive to his prior state sentence. See Federal Judgment and Commitment Order dated November 14, 2000. The federal Bureau of Prisons (herein "BOP") determined that Petitioner's federal sentence would commence on December 4, 2000, the date his state sentence expired. See Decl. of Ernie Fire; see also Attach. F to March 19, 2001 Letter from Jeff Walter to Ernie Frie. See Decl. of Ernie Frie, Attach. G.

On March 20, 2001, Petitioner petitioned the BOP for a 177-day credit (from May 30, 2000 to December 4, 2000) to his federal sentence, arguing that his sentence should have been deemed to commence on May 30, 2000, the day he was taken into

---

[1] Due to a violation of probation conditions Petitioner was sentenced on March 9, 2000, to 4 years incarceration, with 30 months street time credit, with the Montana State Board of Prisons. See Attach. C to Decl. of Ernie Frie, Order Revoking Suspended Sentence and Order of Commitment.

[2] Petitioner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g).

federal custody. Petitioner's request was denied. See Attach. A to Decl. of Mary Benning. On May 5, 2001, Petitioner again petitioned the BOP to reconsider the computation of his sentence. This request was denied as well. Id.

Petitioner is before this Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner asserts as his only ground for relief is that the BOP re-determine the commencement date of his federal sentence. Petitioner argues that the BOP erroneously computed his federal sentence in violation of § 5G1.3(b) of the United States Sentencing Guidelines. Section 5G1.3 of the sentencing guidelines provides the standard for determining the total term of imprisonment when an inmate is subject to multiple sentencing terms. Respondent opposes the Petition arguing that under § 2241 this Court is barred from entertaining Petitioner's claim because he has failed to exhaust the BOP's three-step administrative remedy process. Respondent also argues that the BOP correctly computed Petitioner's sentence based on the directive of the sentencing court.

## I. DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus extends to prisoners confined in federal institutions who wish to challenge the validity of their federal conviction or sentence. 28 U.S.C. § 2241(c)(1). Before a federal prisoner can proceed with a sentencing challenge under § 2241, he or she must first file a motion under 28 U.S.C. § 2255 before the court that imposed the sentence. The fifth paragraph of § 2255 provides that:

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion

> pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Accordingly, a federal prisoner who is asserting a challenge to his sentence may only do so by way of motion to the court that imposed the sentence. No other court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" U.S. v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000), quoting 28 U.S.C. § 2255.

**A. Petitioner is Challenging the Imposition of His Sentence.**

Petitioner argues that § 2241 is the proper statute under which to proceed with his sentencing challenge because he is disputing the BOP's denial of his request for 177 days credit to his sentence. Respondent has not briefed the issue. We disagree with Petitioner's characterization of the issue.

In sentencing Petitioner, the district court for the District of Montana ordered that Petitioner's federal term of imprisonment "shall run consecutive to [his revoked state sentence] in the 12th Judicial District Court for Hill County, Montana." See Federal Judgment and Commitment Order dated November 14, 2000. As such, Petitioner's federal sentence was deemed to commence on the date his sentence expired (December 4, 2000) because his federal sentence was ordered to run consecutive to his state sentence. The BOP did not award Petitioner credit to his federal sentence for the time spent in federal custody prior to December 4, 2000 because Petitioner already received credit to his Montana state sentence for this period of time. In refusing Petitioner's request to credit this

time, the BOP was following the mandate of the sentencing court that Petitioner's federal sentence commence upon the expiration of his state sentence. See Decl. of Ernie Fire, Attach. G, Sentence Computation.

Based on the arguments presented in the Petition, it is clear Petitioner is challenging the validity of the sentencing court's imposition of a consecutive sentence. Because Petitioner is challenging the validity of his sentence and not the BOP's computation thereof, § 2241 is not the proper statutory provision under which to proceed. Under the provision of § 2255, Petitioner must make a motion for relief before the court that imposed his sentence.

**B. Section 2255 Provides an Adequate Remedy for Petitioner's Challenge**

Petitioner argues that a motion under § 2255 provides an inadequate and ineffective remedy to resolve his sentencing dispute because he is not challenging the validity of the sentence imposed but rather he is challenging a denial of jail credit by the BOP. Petitioner's argument is without merit.

Petitioner presently has a § 2255 motion pending before the district court for the District Montana. See Petition at p. 5. By filing a § 2255 motion in U.S. District Court for the District of Montana, Petitioner demonstrates the adequacy of the remedy provided by the statute. Moreover, as stated in the preceding section, in denying Petitioner's request for jail credit, the BOP is doing that which it is bound to do, follow the mandate of the sentencing court.

Based on these determinations, the Court concludes that the instant Petition cannot be entertained as either a § 2255 Motion or as an Application for Habeas Corpus Relief under § 2241. The Petition should therefore be dismissed.

**RECOMMENDATION**

For the reasons set forth above, it is recommended:

1) Defendant's Motion to Dismiss [Docket No. 5] be granted and that the

2) Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed.

Dated: January 22, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **February 6, 2002** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.